UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                       Case No. 19-41711

AMIR ALSHAFEY,                              Chapter 11

                 Debtor.                               Judge Thomas J. Tucker

_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On June 7, 2019, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Plan and Disclosure Statement" (Docket # 44). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

**First,** the Debtor must include a separate section in the Plan, which defines groups of creditors that are not subject to classification and are not entitled to vote on the Plan, state the estimated amount of each claim, and state their treatment under the Plan (*e.g.*, Group I consisting of allowed administrative claims, including attorney fees for Debtor's counsel; Group II consisting of the quarterly fees for the United States Trustee; and Group III consisting of claims that are entitled to priority under 11 U.S.C. § 507(a)(8), if the Debtor has any claims of this type.)

Currently, on page 4 of the Plan, the Debtor is treating the claim of the Debtor's attorney for fees, and the United States Trustee's claim for quarterly fees, in a "class" rather than in a group. Also, it appears that the Debtor may have priority tax claims that are currently being treated, erroneously, as a voting class in Class 5 of the Plan on page 5. The Debtor must correct these problems. Also, the Debtor must delete "unimpaired" in Paragraph I.D.1 of the Plan on page 4.

**Second**, the Debtor must include a separate section in the Plan, which defines the classes of creditors that are subject to classification, and state the treatment of each class. With regard to each such class, the Debtor must: (1) label such class (*e.g.*, "Class 1"); (2) name or describe the creditors that are included in the class (*e.g.*, "the State of Michigan" or "general unsecured creditors"); (3) state the amount of the claim of each entity or person, if known, and if unknown, state the Debtor's best estimate of the amount of the claim (or, if the class is a large one, the Debtor may estimate the total amount of the claims in the class); (4) describe the nature of the claim (*e.g.*, "Entity X asserts a first priority security interest in all the assets of the Debtor arising from financing it provided to the Debtor pre-petition"); (5) state the total amount of the claims in the class; (6) state specifically the treatment proposed (including the date on which payments to the class will begin and conclude, whether payments will be made monthly or on some other regular basis, and the amount of each payment); and (7) state whether the class is impaired or unimpaired. And the Debtor should not put any of this information in a footnote.

**Third**, the Debtor must treat each secured creditor in a separate class. With regard to each secured creditor, the Debtor must state the amount of the claim without regard to the value of the collateral; the property securing the claim (if real estate, the full address, including city and state); the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims; and if so, the amount of such unsecured claim. If more than one secured creditor has a lien on the same property, the Debtor must state the priority of each secured creditor (*e.g.*, which creditor has a first priority lien and which creditor has a second priority lien).

**Fourth**, the Debtor states on page 4 of the Plan that "[h]e recently obtained employment as a pharmacist at CVS where he is working full time at a rate of $61/hour." The Debtor must state what annual income this equates to.

**Fifth**, the Plan states, on page 5: "The Plan will be funded through the liquidation of real property and contributions of cash from the Debtor **once new employment is secured**." (Emphasis added). That statement is confusing in light of fact that the Debtor also states on page 5 of the Plan that the Debtor "recently obtained employment as a pharmacist at CVS where he is working full time at a rate of $61/hour." These two statements raise a question whether the Debtor intends to fund the Plan with funds earned at his current employment at CVS or with wages earned from some other job that he obtains in the future.

**Sixth**, in Paragraph IV.C of the Disclosure Statement on page 12, the Debtor states: "Claims and causes of action: The Debtor has causes of action but anticipates abandoning them as there is insufficient capital to finance litigation and uncertain outcomes and recoveries." Debtor must describe the claims and causes it has and the parties against whom it has claims and causes of action.

**Seventh**, in Paragraph IV of the Disclosure Statement on page 12, the Debtor must state the total of all priority claims.

**Eighth**, the Debtor must state what income he has earned post-petition to date.

**Ninth**, the Debtor must provide the Court with 3 years of projected income in a format where each item of income and expense is identified and given an amount. (The projections may be for a time less than 3 years, if the Plan duration is less than 3 years.)

**Tenth,** the Debtor must modify Paragraph VI.E of the Disclosure Statement on page 15

3

so that it reads in its entirety:

> If the plan is confirmed by the Court:
>
> 1. Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.
>
> 2. Except as provided in the plan and in 11 U.S.C. § 1141(d), in the case of an individual, as in this case, claims will be discharged, except as provided in 11 U.S.C. §§ 523 and 1141(d). Unless the Court orders otherwise, the discharge will be entered only after completion of plan payments as provided in § 1141(d)(5)(A). It is the usual practice of the Court to close Chapter 11 cases after confirmation, then the individual debtor files a motion to reopen the case for entry of discharge upon completion of plan.

**Eleventh**, the Debtor must modify the format of the Liquidation Analysis. Each asset (*e.g.*, real property identified by address) must be separately listed, including the real property at 7030 Oakmont, Dearborn, Michigan. Then in separate columns, Debtor must state, for each asset: (1) the value of the property; (2) whether there is a secured creditor with a lien in the property, and if so the name of that creditor (if there are multiple secured creditors, the Debtor must state the priority of each creditor); (3) the total amount of each secured creditor's claim; and (4) the amount of equity in the property; and (5) the exemption claimed by the Debtor in the property, if any. The Debtor also must list the estimated amount of unsecured claims.

Accordingly,

IT IS ORDERED that no later than **June 21, 2019**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **June 21, 2019**, Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes

Debtor has made to "Debtor's Combined Plan and Disclosure Statement" filed June 7, 2019.

**Signed on June 14, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge